26198-830

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| BRANDON PROTECTIVE SERVICES, LLC; ) | |
| and NIKKI JENNINGS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff SCOTTSDALE INSURANCE COMPMANY, by its counsel, LEWIS BRISBOIS BISGAARD & SMITH, LLP, and for its Complaint for Declaratory Judgment states as follows:

## PARTIES

1. Plaintiff Scottsdale Insurance Company ("Scottsdale") seeks a declaration by this Court that it no longer has an obligation to defend or indemnify Defendant Brandon Protective Services, LLC ("BPS") pursuant to any provision of Scottsdale Policy Number RBS0007091 (the "Policy") for claims made by Nikki Jennings against BPS in the following civil action seeking an amount in excess of $1,000,000 and pending in the Circuit Court of St. Louis County, Missouri: (1) Civil Action No.: 19-SL-CC02053 (the "Underlying Action").  A true and correct copy of the Underlying Action is attached hereto as **Exhibit 1**.

2. Plaintiff Scottsdale is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business at 8877 N. Gainey Center Drive, Scottsdale Arizona, and is permitted to conduct business in the State of Missouri through authorized surplus lines agents.

26198-830

3. Defendant BPS is a Missouri limited liability company operating and doing business in St. Louis County, Missouri. Its only member, David Brandon, is a Missouri citizen.

4. Defendant Nikki Jennings ("Jennings") is a citizen of St. Louis County, Missouri and resided at the Canfield Green Apartment Complex located at 9427 Canfield Drive in St. Louis County on or about May 17, 2017.

5. This is a diversity action seeking a declaration that all insurance coverage due to BPS has been exhausted with respect a bodily injury claim that arose in St. Louis County, Missouri.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendants because the events giving rise to this matter occurred in St. Louis County, Missouri.

## UNDERLYING CLAIM

8. On or about May 17, 2017, Jennings was walking in the parking lot of her residential building, the Canfield Green Apartment Complex located at 9427 Canfield Drive in St. Louis County ("Residence"). *See* Exhibit 1.

9. On or about May 17, 2017, Jennings was allegedly assaulted by several females while she was walking in the parking lot of the Residence and the Underlying Action further alleges that during the assault, a security guard – employed by BPS – observed the assault while he was sitting in his vehicle at or near the scene but failed to intervene. *See* Exhibit 1.

26198-830

10. Jennings alleges she was injured in the May 17, 2017 altercation and seeks in excess of $1,000,000 in damages against BPS. *See* Exhibit 1.

11. Immediately following the assault of Jennings on or around May 17, 2017, the Underlying Action alleges that the BPS security guard left the scene, and then two vehicles arrived and one of four men exited one of the two vehicles and proceeded to physically assault Jennings' fiancé, DeCarlos Jones ("Jones") who was also at the scene of the altercation, resulting in the shooting of Jones in the parking lot and his eventual death. *See* Exhibit 1.

12. On or about March 28, 2017, there was another assault which involved the shooting of Jarrett Turner ("Turner") by a BPS employee working as a security guard.

13. Scottsdale had issued a policy of insurance to BPS that was in effect on May 17, 2017 providing insurance coverage to BPS for certain claims of negligent conduct and, by endorsement, for certain claims of assault and battery.

## THE INSURANCE POLICY

14. Scottsdale issued a commercial insurance policy that included coverage parts for Commercial General Liability (Form CG 00 01 04 13) and Errors and Omissions (Form GLS-172s (6-14)) under policy number RBS0007091 with a policy period of March 2, 2017 through March 2, 2018. A true and correct copy of the Policy is attached hereto as **Exhibit 2**.

15. David Brandon DBA: Brandon Protective Services LLC was identified as the named insured covered under the Policy. *See* Exhibit 2.

16. In addition to coverage for commercial general liability and errors and omissions, the Policy also provided insurance coverage, by endorsement, for claims of assault and battery ("Endorsement"). *See* Exhibit 2, Form GLS-215s (11-15).

17. The Endorsement provides in relevant part:

26198-830

Throughout this coverage form, the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under item 3. WHO IS AN INSURED of this endorsement.

Except as provided by this coverage form, this policy does not apply to "injury," "bodily injury," "property damage," "error or omission" or "personal and advertising injury" arising from:

1. Assault and/or Battery committed by:

   a. Any insured;

   b. Any employee/ "employee" of any insured; or

   c. Any other person; or

2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above; or

3. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or

4. The negligent:

   a. Employment;

   b. Investigation;

   c. Supervision;

   d. Reporting to the proper authorities, or failure to so report; or

   e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1. and 2. above.

We will have no duty to defend any suit/"suit" against you seeking damages/"damages" on account of any such injury unless coverage is provided by this Coverage Form.

*See* Exhibit 2, Form GLS-215s (11-15), p. 1 of 4.

The coverage provided is described below:

**INSURING AGREEMENTS**

For the premium shown below, we agree to afford coverage with respect to Assault and/or Battery Liability only as indicated on this Coverage Form and subject to the provisions set forth in this Coverage Form at liability limits of $25,000 Each Event and $50,000 Aggregate unless otherwise stated below:

| LIMITS OF LIABILITY | | COVERAGE |
|---|---|---|
| $ 300,000 | Each Event | Assault and/or Battery Liability |
| $ 600,000 | Aggregate | |

26198-830

| $ INCLUDED | TOTAL PREMIUM | |
|---|---|---|

### 1. COVERAGES—ASSAULT AND/OR BATTERY LIABILITY

We will pay on your behalf all sums which you shall become legally obligated to pay as "damages" because of "injury." "bodily injury," "property damage," "error or omission" or "personal and advertising injury" to any person arising out of Assault and/or Battery that takes place during the policy period.

We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability Shown in this Coverage Form has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

### 2. EXCLUSIONS

This coverage form does not apply to:

a.  Liability of others assumed by you under any contract or agreement. either oral or in writing, unless specifically endorsed hereon;

b.  Assault and/or Battery to:

   (1) Any of your "employees" arising out of and in the course of:

      (a) Employment by you;

      (b) Performing duties related to the conduct of your business; or

   (2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above. This exclusion applies:

      (1) Whether the insured may be liable as an employer or in any other capacity; and

      (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury;

c.  Any loss or claim either directly or indirectly arising from your activities as an officer or director of any corporation, company or business other than that of the Named Insured; or

d.  Any claim for punitive or exemplary damages.

***

### 4. LIMITS OF LIABILITY

Regardless of the number of insureds under this policy, our liability is limited as follows:

The limit of liability stated in this coverage form as applicable to Each "Event" is the most we will pay for all "damages" arising out of "injury," "bodily injury," "property damage," "personal and advertising injury" or "errors or omissions" because of assault and/or battery, regardless of the

number of insureds, persons injured, claims made or suits brought or persons or organizations making claims or bringing suits. The limit of liability stated above as Aggregate, subject to the above provision regarding Each Event, is the total limit of our liability under this coverage for all "damages" in any policy period.

*See* Exhibit 2, Form GLS-215s (11-15), p. 2-3 of 4.

18. The Endorsement provides that the limit for coverage of assault and battery claims is $300,000 per "Event" or $600,000 in the aggregate. *See* Exhibit 2, Form GLS-215s (11-15), p. 2 of 4.

### SETTLEMENT OF ASSAULT CLAIMS AND EXHAUSTION OF LIMITS

19. On or about December 20, 2017, Jones' estate made a claim against the Policy stemming from an assault and battery for which Scottsdale remitted the per "Event" limit of $300,000 on behalf of BPS and fully settling the Jones' assault claim against BPS under the limits of the Endorsement.

20. On or about December 21, 2017, Turner made a claim against the Policy for injuries he sustained as a result the shooting for which Scottsdale remitted the per "Event" limit of $300,000 on behalf of BPS fully settling Turner's assault and battery claim against BPS under the limits of the Endorsement.

21. Prior to the resolution of the Jones and Turner assault claims under the Policy, Jennings had not pursued her own claim for assault against BPS or made it known to Scottsdale that she was involved in and assaulted during the May 17, 2017 altercation at the Residence.

22. By letters dated April 11, 2018 and June 22, 2018, Scottsdale advised BPS that it intended to settle the Jones and Turner assault claims and exhaust the limits of the Policy in doing so, and BPS did not object.

23. On or about April 22, 2019, Scottsdale first learned that Jennings had a potential claim for assault in her own right when she made a claim against the Policy.

26198-830

24. On or about July 16, 2019, Scottsdale advised counsel for Jennings that no further coverage remained on the Policy as the Policy's limits for assault and battery coverage had been previously exhausted for the Policy's term.

25. On or about July 31, 2019, Scottsdale advised BPS that no further coverage remained on the Policy as the Policy's limits for assault and battery coverage had been previously exhausted for the Policy's term.

26. Scottsdale has fully performed its duties under the terms of the Policy.

## COUNT I – EXHAUSTION OF POLICY LIMITS

1-26. Scottsdale repeats and re-alleges Paragraphs 1 through 26, above, as though fully set forth herein.

27. The language of the Policy is clear and unambiguous with respect to the fact that certain assault and battery claims are covered up to the limit of $300,000 per "Event" and $600,000 in the aggregate for the term of the Policy.  *See* Exhibit 2, Form GLS-215s (11-15).

28. Scottsdale paid the per "Event" limit of $300,000 to Jones' estate thereby exhausting the per "Event" limit and precluding the availability of coverage for the Jennings claim arising out of the same May 17, 2017 "Event" at the Residence.

29. Scottsdale paid the Policy's aggregate limit for assault and battery claims arising during the term of the Policy when it remitted a total of $600,000 for both the Jones and Turner assault claims thereby exhausting the available coverage for the Jennings claim regardless of whether Jennings' claim arises out of the same "Event" as the Jones assault.

**WHEREFORE**, Plaintiff SCOTTSDALE INSURANCE COMPANY respectfully requests this Honorable Court find and declare as follows:

A.   The Policy's Endorsement applies to Jennings' claims alleged in the Underlying Action and all resulting damages.

B.   The Policy's coverage for assault and battery claims, as provided for in the Endorsement, has been fully exhausted for the March 2, 2017 through March 2, 2018 term;

C.   No further coverage is available to BRANDON PROTECTIVE SERVICES LLC for the Underlying Action; and

D.   For any and other further relief as this Court deems just and equitable.

## COUNT II – EXCLUDED CLAIMS

1-29.   Scottsdale repeats and re-alleges Paragraphs 1 through 29, above, as though fully set forth herein.

30.   The Policy provides coverage for "those sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' … caused by an 'occurrence…'" *See* Exhibit 2, Form CG 00 01 04 13, p. 1 of 16.

31.   The Underlying Action asserts that BPS had a "duty to take reasonable steps to protect [its] business invitees from the criminal acts of third persons, including Plaintiff's assaulter…" but failed to so do. *See* Exhibit 1.

32.   The Underlying Action further alleges that BPS "had sufficient time to respond to Plaintiff's assaulter … so as to abate the indicated danger" but failed to do so. *See* Exhibit 1.

33.   The Endorsement is clear and unambiguous in that it excludes claims for "[t]he failure to suppress or prevent Assault and/or Battery by any … (a) insured; (b) any employee/ "employee" of any insured; or (c) any other person…" *See* Exhibit 2, Form GLS-215s (11-15), p. 1 of 4.

26198-830

34. As Jennings' claim for damages arises from her allegations that BPS failed to prevent her assault and Jones' assault, her claim is barred by the Policy's Endorsement.

35. The Underlying Action also asserts that BPS negligently "failed to provide a person trained in security practices and procedures and protection of human safety…" *See* Exhibit 1.

36. The Endorsement contains an exclusion that applies to claims arising from the negligent employment and supervision of employees which operates to preclude coverage for Jennings' allegations that BPS failed to provide a properly trained.  *See* Exhibit 2, Form GLS-215s (11-15).

37. The Underlying Action asserts a claim of punitive damages alleging that BPS' conduct was purportedly "prompted by an improper motive and of such a nature to entitle the Plaintiff to an award of punitive damages in an amount, which is sufficient to punish the Defendants and to deter the Defendants and others from like conduct." *See* Exhibit 1.

38. The Endorsement is clear and unambiguous in that is excludes punitive and exemplary damages from coverage.  *See* Exhibit 2, Form GLS-215s (11-15), p. 2 of 4.

39. To the extent the Underlying Action alleges damages resulting from: (1) the failure to prevent Jennings' assault, (2) the failure to employ a properly trained person and supervise that employee, or (3) punitive or exemplary damages, those damages are excluded from coverage pursuant to the Endorsement.

**WHEREFORE**, Plaintiff SCOTTSDALE INSURANCE COMPANY respectfully requests this Honorable Court find and declare as follows:

A. The Policy's Endorsement applies to exclude Jennings' claim and resulting damages, as alleged in the Underlying Action, from coverage.

26198-830

      B.      The Underlying Action is excluded from coverage pursuant to the Endorsement which precludes coverage for claims asserting: (1) the failure to prevent assault and battery, (2) the failure to employ a properly trained person and supervise that employee, and (3) punitive damages; and

      C.      For any and other further relief as this Court deems just and equitable.

Respectfully submitted,

SCOTTSDALE INSURANCE COMPANY
By One of Its attorneys,

Dated: November 12, 2020

By: */s/ Kendall Canfield*
Danny L. Worker, #67620
(Pro Hac Vice Forthcoming)
Dan.Worker@lewisbrisbois.com
Kendall Canfield, #64045
Kendall.Canfield@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
103 W. Vandalia Street, Suite 300
Edwardsville, IL 62505
T: 618-307-7290
F: 618-692-6099